IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RAY WILLINGHAM )
    Plaintiff, )
     )
v. ) Case No. CIV-13-748-D
     )
MIDLAND FUNDING, LLC, )
AND )
MIDLAND CREDIT MANAGEMENT )
Inc., )
    Defendant, )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: Wednesday, October 30, 2013

Appearing for Plaintiff: M. Kathi Rawls & Minal Gahlot

Appearing for Defendant:  Amanda L. Thrash and Jon E. Brightmire

**Jury Trial Demanded ☒ - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   By Plaintiff:

   The Defendants, and/or its subsidiaries, are debt buyers and collectors, attempted to collect a debt from the Plaintiff that is beyond the statute of limitations.  Defendants filed suit in state court on February 19, 2013, Murray County Oklahoma CS-2013-22, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.  The state suit in Murray County has been dismissed by the Defendants.  Defendants, moreover, falsely represented the character, amount, and the legal status of the alleged debt to third-party credit bureaus, in violation of the FDCPA.  (Plaintiff will be amending his petition to add these additional claims against the Defendants).

   By Defendant:

   Defendants deny Plaintiff's claims.  Defendant Midland Funding further denies being a debt collector and engaging in any collection efforts.

1

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   Jurisdiction of this Court arises under 28 USC § 1331 and pursuant to 15 USC § 1692k(d).  The action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. Venue is proper in this District because the acts and transactions occurred here, the violations are pursuant to federally mandated laws. Plaintiff resides here.

   Defendant Midland Funding denies transacting business in Oklahoma.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   The following are undisputed facts:

   The parties admit this Court has venue and jurisdiction over this matter and that the Defendant previously filed a state court action against the Plaintiff regarding the attempted collection of his prior alleged debt but that it was later dismissed without prejudice by the Defendant.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:  Plaintiff prays that judgment be entered against the Defendants for all reasonable damages allowed by law as penalties, willfulness and all reasonable damages sustained by the Plaintiff, including attorney fees and costs.

   b. <u>Defendant</u>:  Defendants pray that judgment be entered for the Defendants against the Plaintiff, and that Plaintiff take nothing by way of his claims against the Defendants.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   ☐ Yes        ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   Plaintiff anticipates filing a motion for summary judgment.

   Defendants anticipate filing a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes  ☒ No   If "no," by what date will they be made? November 6, 2013.

8. **PLAN FOR DISCOVERY**.

   1) The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on _ October 21, 2013.

   2) The parties anticipate that discovery should be completed within 4 to 5 months.

   3) In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 3   months.

   4) Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ☒ Yes     ☐ No

      Parties will be submitting a request for a protective order.

   5) Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      ☒ Yes     ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P.26 (f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

   6) Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9. **ESTIMATED TRIAL TIME**: 1 to 3 days

10. **BIFURCATION REQUESTED**:   ☐ Yes  ☒ No

11. **POSSIBILITY OF SETTLEMENT**:

Good            X Fair           Poor

**12. SETTLEMENT AND ADR PROCEDURES**:

    1) Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒Yes  ☐No

    2) The parties request that this case be referred to the following ADR process:

       ☐ Court-Ordered Mediation subject to LCvR 16.3
         Judicial Settlement Conference
       ☐ Other _____
       ☒ None - the parties do not request ADR at this time.

**13.** Parties consent to trial by Magistrate Judge? ☐ Yes  ☒ No

**14.** Type of Scheduling Order Requested. ☒ Standard – ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this  25th day of October, 2013.

s/M. Kathi Rawls
M. Kathi Rawls, OBA No. 18814
Minal Gahlot, OBA No. 22145
Rawls Law Office, PLLC
2404 South Broadway
Moore, OK   73160
405-912-3225
minal@rawlslawoffice.com
mkr@rawlslawoffice.com
Attorneys for Plaintiff


*/s/ Amanda L. Thrash*
Jon E. Brightmire, OBA No. 11623
Amanda L. Thrash, OBA No. 21844
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
(918) 582-1211 – *Telephone*
(918) 925-5258 – *Facsimile*
*jbrightmire@dsda.com*
*athrash@dsda.com*
Attorneys for Defendants