UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAY WILLINGHAM, individually** ) | |
| **and on behalf of all others similarly situated,** ) | |
| ) | CASE NO. CIV-13-748-D |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **MIDLAND FUNDING, LLC, and** ) | **FIRST AMENDED** |
| **MIDLAND CREDIT MANAGEMENT, INC.** ) | **CLASS ACTION COMPLAINT** |
| ) | |
| ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff, Ray Willingham (hereafter also referred to as "Plaintiff" or "Willingham"), brings this action individually and as a class action against Midland Funding, LLC (hereafter also referred to as "Midland Funding") and Midland Credit Management, Inc. (hereafter also referred to as "Midland Credit") (hereafter "Midland Funding" and "Midland Credit" also collectively referred to as "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter also referred to as "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices in their debt collection activities and also requires debt collectors to provide debtors with certain information.

Plaintiff challenges Defendants' pursuit of its debt collection activities through its routine and unlawful filing of debt collection lawsuits in Oklahoma State Courts against Plaintiff and the Class for consumer credit card debt arising from debt in cases where the statute of limitations for such debt collection lawsuits has expired (hereafter also referred to as "time-

barred lawsuits").

Defendants knew or should have known that since the statute of limitations to collect such debt had expired, they had no legal right to collect such time-barred debt through the filing of lawsuits in Oklahoma State Courts. Nevertheless, Defendants used false, deceptive, and or misleading representations and means in connection with the attempt to collect the time-barred debt in violation of the FDCPA. Specifically, Defendants used deceptive means in its false representation of the legal status of the debt in its attempt to collect such time-barred debt by filing lawsuits in Oklahoma State Courts. Defendants' filing of such lawsuits further constitutes unfair and or unconscionable means to collect or attempt to collect such time-barred debt.

Plaintiff also challenges Defendants' reporting of false credit information to credit reporting agencies in the form of an inflated dollar amount of the debt owed to WEBBANK by falsely adding an amount of money in the form of interest and/or late charges and/or other charges.

Plaintiff seeks redress in the form of actual damages, statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the Court may deem just and proper on his own behalf and on behalf of the identified Class against Defendants. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) of the FDCPA, which indicates that such actions may be brought and heard before

"any appropriate United States district court without regard to the amount in controversy."

2. Venue for this action properly lies in this District pursuant to 28 U.S.C. §1391(b) as the named Plaintiff resides in this District and Defendants have done business within this District and the conduct complained of took place in this District.

## PARTIES

3. Plaintiff is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Oklahoma.

4. Midland Funding, LLC. is a Delaware Limited Liability Corporation with its principal place of business in California.

5. Midland Credit Management, Inc. is a Kansas Corporation with its principal place of business in the State of California.

## NATURE AND PURPOSE OF FDCPA

6. Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices.

7. The FDCPA prohibits debt collectors, such as Defendants, from engaging in abusive, deceptive and unfair debt collection practices in their debt collection activities arising from Defendants' improper actions and conduct in connection with the attempt to collect alleged defaulted consumer credit card debt.

8. The FDCPA is a comprehensive statute, which prohibits broad categories of debt collection activities. In addition to broad categories of prohibitions of debt collectors' actions, the FDCPA enumerates several specific actions that debt collectors are prohibited from taking. Additionally, the FDCPA requires debt collectors to provide debtors with certain information.

9. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector

engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

10. Another of the FDCPA's broad categories of prohibitions is found in 15 U.S.C. § 1692f of the FDCPA which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

11. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise. The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with the least sophisticated" consumer standard.

12. 15 U.S.C. § 1692k of the FDCPA imposes civil liability on any person or entity that violates its provisions and any debt collector who fails to comply with the provisions of the FDCPA can be held liable for statutory damages, attorney fees and costs.

## APPLICATION OF THE FDCPA

13. Plaintiff, is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14. Plaintiff incurred consumer credit card debt to the creditor WEBBANK relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as the "Debt").

15. Defendants are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

16. Defendants attempted to collect the consumer debt using communications as "communications" is defined in 15 U.S.C. §1692a(2) of the FDCPA by asserting the amount of the debt in the filed State Court lawsuit and by reporting the debt to at least one credit reporting agency.

17. Defendants have acted and continue to act in the business of debt collectors by attempting to regularly collect allegedly defaulted consumer credit card debt against consumers who allegedly owe credit card debt to creditors.

### TIME-BARRED LAWSUITS
### (APPLICABLE STATUTE OF LIMITATIONS)

18. Defendants filed the State lawsuit against Plaintiff in an Oklahoma State Court more than three years after Plaintiff last charged or paid on the WEBBANK credit card account, which occurred on or about October 6, 2009.  Since the alleged breach of contract took place on or about October 6, 2009 and Defendants filed the debt collection lawsuit against Plaintiff more than three years later on February 19, 2013, the lawsuit is beyond the three year Oklahoma statute of limitations for contracts not in writing (Oklahoma Statute § 12-95) and is therefore time-barred.

19. The contract between WEBBANK and Plaintiff is not a complete and concluded agreement between the parties since many terms were left open as the Plaintiff use of the credit card including, but not limited to the interest rate and the credit limit.  Thus, the credit card agreement is considered an unwritten contract and as such, the Oklahoma statute of limitations for such unwritten contracts is three years.

20. Defendant knew or should have known that the Oklahoma State Court action was filed beyond the applicable Oklahoma statute of limitations.

## REPORTING OF FALSE CREDIT INFORMATION
## (TILA REQUIREMENTS)

21.     Charge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset.  Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days.  See Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 Federal Register 36903-36906 (June 12, 2000).

22.     Effective February 22, 2010, Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq*.), was amended to clarify that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt.  See 12 C.F.R. § 226.5(b)(2)(i).

23.     12 C.F.R. § 226.5(b)(2)(i) states that: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."

24.     Defendants engaged in a practice of reporting to credit reporting agencies that Plaintiff and the Class owe an additional unauthorized amount of money during a time period when WEBBANK did not send Plaintiff and the Class periodic credit card statements.

25.      Defendants knew or should have known that they had no legal right to attempt to collect the additional amount of money during a time period after WEBBANK charged off

Plaintiff and the Class' credit card account where WEBBANK did not send credit card periodic statements to Plaintiff and the Class.

## PLAINTIFF'S EXPERIENCE

26. On or about September 6, 2005, Plaintiff opened a credit card account with WEBBANK.

27. Plaintiff incurred consumer credit card debt to WEBBANK relating to consumer purchases primarily for family, personal or household purposes.

28. As of May 2010, WEBBANK charged off the Debt that Plaintiff allegedly owed to WEBBANK.

29. Subsequent to May of 2010, Plaintiff has not received any credit card periodic statements from WEBBANK.

30. On information and belief, WEBBANK stopped charging interest, late charges and other charges on the account by at least May of 2010.

31. WEBBANK waived its right to charge and collect post charge off interest, late charges and other charges on the account by at least May of 2010.

32. Plaintiff has not incurred any debt and has not made any payments on the WEBBANK account since on or about October 6, 2009.

33. Midland Funding sued the Plaintiff for the Debt in the District Court of Murray County, Oklahoma on February 19, 2013 alleging that the Plaintiff owed $7,450.21.

34. In an attempt to collect the Debt, Midland Credit reported the Debt to the credit reporting agency, Equifax, on February 19, 2013 as $ 9,630.00 owed. In an attempt to collect the Debt, Midland Funding reported the Debt to the credit reporting agency, Experian, as of April 8,

2013 as $ 9,630.00 owed.  In an attempt to collect the Debt, Midland Funding reported the Debt to the credit reporting agency, Transunion, on March 20, 2013 as $ 9,630.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings the action on behalf of himself and the following defined Class pursuant to Fed. R. Civ. P. 23:

> All persons, with addresses in the State of Oklahoma, who within one year before the filing date of this complaint had a time-barred lawsuit filed in an Oklahoma State Court against them by Defendants to collect allegedly defaulted consumer credit card debt originally owed to WEBBANK and/or all persons, with addresses in the State of Oklahoma, who within one year before the filing date of this complaint had a report to any credit reporting agency by Defendants that added an amount of money after charge-off of the Debt by WEBBANK after WEBBANK ceased sending periodic credit card statements to the persons.

36. Excluded from the Class are Defendants: any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

37. **Numerosity.**  Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable.  The exact number of Class members of the class is unknown, but can be determined from, including but not limited to, Defendants' computerized and other records.

38. **Commonality.**   There are questions of law and fact that are common to all members of the Class which questions predominate over any question affecting only an individual Class member.  The members of the Class were and continue to be subjected to the same practices of the Defendants.  The common questions and principal

common issues raised by Plaintiff's claims include:

    a.    whether Defendants are debt collectors pursuant to the FDCPA;

    b.    whether Plaintiff is a consumer pursuant to the FDCPA;

    c.    whether Defendants violated the FDCPA by filing lawsuits against Plaintiff and the Class beyond three years after Plaintiff and the Class made their last payment on their debts;

    d.    whether Defendants violated the FDCPA by reporting to credit reporting agencies an additional amount of money to the debts after WEBBANK charged-off the debt and ceased sending periodic credit card statements;

    e.    whether Plaintiff and the Class have been damaged as a result of the alleged violation of the FDCPA, and if so what is the appropriate damage relief for Defendants' violations;

    f.    the nature and extent of any other remedies and relief to which Plaintiff and the members of the Class are entitled.

39.    **Typicality.**  Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendants.

40.    **Adequacy.**  Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein.  Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue the action.

41. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the members of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendants have subjected the entire Class to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action. Defendants have acted and continues to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e

42. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

43. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

44. A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt

collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

45. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1692e(2)(A) of the FDCPA.

46. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

47. A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

48. Specifically, in connection with Defendants' reporting of the debt to the credit reporting agencies, Experian, Equifax and Transunion, Defendants communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

49. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

50. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1692e(10) of the FDCPA.

**Violation of the FDCPA, 15 U.S.C. § 1692f**

51. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of the complaint.

52. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt."

53. Defendants' routine practice of filing lawsuits on time-barred debt violates 15 U.S.C. § 1629f of the FDCPA.

54. Specifically, in connection with the collection of the alleged debt by filing a time-barred lawsuit, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

55. Specifically, in connection with Defendants' reporting of the debt to the credit reporting agencies, Experian, Equifax and Transunion, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and the Class request the following relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class, and that Plaintiff's counsel be appointed Class Counsel;

2. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

4. Declaratory relief;

5. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

6. Such other relief at law or equity as the court may deem just and proper.

DATED: November 20, 2013

                Respectfully submitted,

                s/ M. Kathi Rawls
                M. Kathi Rawls, OBA No. 18814
                Minal Gahlot, OBA No. 21415
                Rawls Law Office PLLC
                2404 South Broadway
                Moore, OK  73160
                405-912-3225
                Email: mkr@rawlslawoffice.com
                ATTORNEYS FOR PLAINTIFF

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED